BRANTLEY, J.,
for the Court.
¶ 1. Vincent Paul Williams was convicted on two counts of transfer of a controlled substance by the Circuit Court of the First Judicial District of Harrison County. Williams appeals to this Court, arguing insufficiency of evidence and that the verdict was against the overwhelming weight of the evidence. His argument is based solely on the contention that the substance he gave to the undercover agent was contaminated by cocaine residue inside the container the agent used. However, the State argues that the verdict should be affirmed as the evidence supported the conviction. Finding no error, we affirm.
FACTS
¶ 2. On June 22, 1998, Shellie Boone, an agent for the Mississippi Bureau of Narcotics working with the Gulfport Police Department in an undercover operation targeting street level drug dealers, was outfitted with an undercover vehicle equipped with video and audio recording equipment. After meeting with the officers involved, Boone traveled to an intersection where she encountered Williams. She asked him for a “twenty,” which is a term that means twenty dollars worth of crack cocaine.
¶ 3. Williams stated that he did not have any with him, but for Boone to give him the money. Boone refused to give him the money without first receiving the drugs. Williams handed over his wallet for Boone to keep while he took her money in order to retrieve the drugs. While waiting for Williams to return, Boone circled the block as directed by Williams. Boone looked in Williams’s wallet and discovered his name from a check stub. After Boone returned to the intersection, Williams appeared and handed her a rock-like substance which she then placed inside a film canister. Boone then met with the officers involved in the undercover operation at a predetermined post-buy location, where she turned the substance over to another officer by emptying the canister into a plastic evidence bag.
¶ 4. On June 29, 1998, Boone again met with the officers and was given an undercover vehicle equipped with audio and video recording devises. She traveled to the same intersection and spotted Williams. She approached Williams asking for a twenty. This time she handed Williams the money and circled the block as directed. Returning to the initial meeting place, Williams handed Boone a rock-like substance which she placed into a film canister. She then traveled to a predetermined post-buy location where she again turned over the substance by emptying the canister into a plastic evidence bag. Both substances were sent to the Mississippi Crime Lab, where they were identified as cocaine.
¶ 5. Williams was later indicted and brought to trial on two counts of transfer of a controlled substance. At the close of the State’s case, Williams moved for a directed verdict which the trial judge de *913 nied. Williams then proceeded to present evidence in his defense. During his testimony, Williams claimed that the substance he transferred to Boone was in fact sheet-rock, not crack cocaine, which he had cut out of a wall in his apartment. The jury found him guilty on both counts. Williams filed post trial motions wherein he moved for a JNOV or in the alternative a new trail. Both were denied by the court.
ANALYSIS OF THE ISSUES PRESENTED
¶ 6. Although Williams presents four issues as assignments of error, this Court finds that three of the issues can be combined, generating only two issues for review by this Court. Williams argues that the State failed to prove beyond a reasonable doubt each element of the crime. In particular, Williams challenges whether the substance was indeed cocaine. He argues that the evidence is insufficient to support the verdict. In addition, he argues that the verdict is against the overwhelming weight of the evidence. However, the State maintains that the evidence does prove that the substance purchased from Williams was crack cocaine.
I. WHETHER THE COURT ERRED DENYING THE MOTION FOR A DIRECTED VERDICT AND REQUEST FOR PEREMPTORY INSTRUCTION.
¶ 7. A denial of a directed verdict or a peremptory instruction is tested by the sufficiency of the evidence. The standard of review for sufficiency of evidence is well settled by our Court. A jury verdict will not be reversed unless when reviewing the evidence in regards to each element, in a light most favorable to the verdict, no reasonable juror could find the defendant guilty beyond a reasonable doubt. Gleeton v. State, 716 So.2d 1083, 1087 (Miss.1998). In addition, it is the jury’s duty to determine the weight and credibility of the evidence. Id.
¶ 8. Here, Williams argues that the State failed to prove that the substance he gave to Boone was in fact cocaine. He testified that on both occasions he did not have any cocaine, but that he had given Boone sheetrock which he had dug out of the wall of his home. Williams contends that the evidence was contaminated by Boone.
¶ 9. According to Boone, she placed the substance in an empty, film canister once she was given the substance by Williams. Then she emptied the container into an evidence bag when she met with the other officer involved in the operation. She stated that she had used this container around fifty times before in the same manner. However, she testified that each time she would make sure that nothing was left in the container, but on these occasions she did not wipe out the container.
¶ 10. Two experts, who were forensic drug analysts from the Mississippi Crime Laboratory, testified that they had tested the substances and found them to be crack cocaine. When questioned about the possibility of cocaine residue left in the canister causing a substance to test positive for crack cocaine, they stated that the substance they tested was in a rock form, and thus could not be contaminated by trace amounts of cocaine residue possibly inside the container. However, they both testified that if the substance had been in a powder form, then any possible residue could have contaminated the substance. Both substances tested were in a rock-like form.
¶ 11. The evidence presented by the State is sufficient to support the verdict. We find that a reasonable juror confronted with the crime lab results and both expert witnesses’ testimonies identifying the substance as cocaine could find Williams guilty *914 of the transfer of crack cocaine. Williams never denied selling the substance to Boone, but only denied that it was crack cocaine. The evidence is more than sufficient to support the verdict.
II. WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT A NEW TRIAL AS THE VERDICT WAS CONTRARY TO THE WEIGHT OF THE EVIDENCE.
¶ 12. Williams also argues that he should be granted a new trial. A new trial will not be granted unless “the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). The grant or denial of a new trial is in the discretion of the trial court, and will not be reversed unless this discretion was abused. Catchings v. State, 684 So.2d 591, 600 (Miss.1996).
¶ 13. Again, Williams bases this argument on the possible contamination of the evidence. However, as stated above, the testimony of the two expert witnesses shows that there was no possibility of contamination. Accordingly, the verdict is not against the overwhelming weight to the evidence and the circuit court did not abuse its discretion in denying the motion for a new trial. Finding no error, we affirm.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OF CONVICTION OF TWO COUNTS OF TRANSFER OF A CONTROLLED SUBSTANCE AND SENTENCE OF THIRTY YEARS ON EACH COUNT WITH SENTENCES TO RUN CONCURRENTLY, FOR A TOTAL OF THIRTY YEARS WITHOUT HOPE OF PAROLE OR PROBATION IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.